**WOLYNSKI v. UNITED STATES et al.**

Civil Action No. 2186.

United States District Court
D. Connecticut.

July 29, 1948.

Aaron J. Palmer, of Middletown, Conn., for plaintiff.

Adrian W. Maher, Esq., U. S. Atty., of New Haven, Conn., and Edward J. Lonergan, Asst. U. S. Atty., of Hartford, Conn., for defendant.

John D. Thomas, of Waterbury, Conn., for third-party defendant.

SMITH, District Judge.

This is an action by the sister of a deceased insured under the National Service Life Insurance Act of 1940, 38 U.S.C. A. § 801 et seq., for a declaratory judgment that the insurance is payable to the father as the primary beneficiary and plaintiff, her brother and sisters, contingent remaindermen under the policy.

One Alice Martin, held by the Veterans' Administration to be entitled to the proceeds of the policy as a person in loco parentis, and designated beneficiary, has been

impleaded as third-party defendant. She moves to dismiss on the ground that the Complaint does not state a claim on which relief can be granted, contending that plaintiff is not a real party in interest and, therefore, is not a proper party-plaintiff.

It would appear that plaintiff, as a contingent remainderman, is a real party in interest.

If she prevails in this action, she will receive the balance of the 120 payments not received by her father, provided he dies before their completion and she is alive upon his death. She is also vitally interested in the life expectancy of the person possessing the first life interest because the payments here only extend for a term of years after the death of the insured. These are the rights which cannot be altered by anyone but Congress. As between persons other than the United States they could well be called vested although because of the provisions of 38 U.S.C.A. § 802(i), they cannot be considered rights which vest as against the United States. Be that as it may, no matter what name is given to the plaintiff's rights, they appear to be sufficient to permit suit by her.

In order that there be a complete determination of this litigation, the father of the plaintiff and all potential beneficiaries under the statute and by way of deceased's designation of beneficiaries should be brought into this litigation as parties.

The motion to dismiss is denied.

Form of order citing-in additional parties may be submitted by counsel for the plaintiff.